Leona PAUL, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (Integrated Health Services), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 2, 2008.

Decided June 11, 2008.

Richard J. Russell, Johnstown, for petitioner.

Mark F. Conboy, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Leona Paul (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated December 20, 2007, affirming the order of a Workers' Compensation Judge (WCJ), which granted the termination petition filed by Integrated Health Services, Inc. (Employer). We now affirm.

On December 13, 2000, Claimant sustained an injury during the course and scope of her employment with Employer when she fell on ice. Claimant worked as an x-ray technician, using portable equipment to do x-rays in homes. As part of her job, she regularly lifted, carried and pushed equipment in excess of fifty (50) pounds from her automobile to the x-ray site. Claimant continued to work until April 17, 2001, when increasing pain caused her to cease working.

Employer issued a notice of temporary compensation payable (NTCP), noting left ankle, left wrist, left thigh and right knee contusions. By operation of law, the NTCP subsequently converted into a notice of compensation payable (NCP). On September 12, 2005, Employer filed a termination petition alleging that Claimant had fully recovered from her work-related injury as of August 26, 2005. Claimant filed an answer denying the allegations.

The WCJ conducted hearings, during which Claimant testified on her own behalf and presented the deposition testimony of Dean G. Sotereanos, M.D., who is Board-certified in orthopedics with an added qualification in upper extremity surgery.

Employer presented the deposition testimony of Daniel Kelly Agnew, M.D., who is also Board-certified in orthopedics.

Claimant testified that she suffered the work related injury when she fell on ice, hitting her left hand and wrist and both knees. (R.R. at 125a–126a). She was treated by her family doctor who referred her to an orthopedist, Dr. Gunnlaugson. *Id.* Dr. Gunnlaugson referred her to Dr. Sotereanos for her wrist injury, and he performed surgery on her left wrist on May 31, 2001. *Id.* She stated that in December, 2001, she was released to light-duty work, but she was unable to perform her pre-injury duties which included lifting equipment. *Id.* Claimant states that her right knee still bothers her, but she is not actively seeing a physician for it. (R.R. at 127a). She experiences pain in her wrist and is unable to lift heavy things and sometimes has difficulty manipulating her wrist. *Id.*

Dr. Sotereanos testified that he first evaluated Claimant on May 22, 2001, with regard to her wrist only. (R.R. at 96a–97a). Dr. Sotereanos diagnosed Claimant as having a tear of the TFCC and recommended that she undergo arthroscopic evaluation and debridement of the TFCC, which she did. (R.R. at 97a–99a). During the surgery, Dr. Sotereanos observed that Claimant had significant scarring throughout her wrist joint, involving both the radial carpal and the mid carpal joint, significant adhesions, and a large tear of the TFCC. *Id.* In December, 2001, Dr. Sotereanos opined that Claimant was capable of returning to a light duty position. (R.R. at 100a–101a). She had pain at several sites in her wrist, and he believed that there was evidence of some arthritic changes in her wrist which were symptomatic. *Id.* He believed that she was fully recovered from the surgery at that time, although she was not fully recovered from the un-

derlying injury. *Id.* Dr. Sotereanos was asked about Claimant's condition in July, 2005. (R.R. at 101a–103a). He explained that, at that time, Claimant continued to complain of both radial and ulnar-sided wrist pain with palpation, and she had findings consistent with less than normal motion of the involved left wrist. *Id.* He diagnosed her with arthritis of the thumb and some persistent ulnar-sided pain without a click. *Id.* Her complaints were similar to those in 2001. *Id.*

Dr. Sotereanos diagnosed Claimant's work injury as a TFCC tear and symptomatic arthritis in her wrist and hand. (R.R. at 103a–106a). He testified that the cause of the TFCC tear was the direct impact of the fall that Claimant sustained. *Id.* With regard to the arthritis, he stated that preexisting arthritic changes in her left wrist were aggravated by the fall and that said aggravation has persisted through the last few years. *Id.* Dr. Sotereanos opined that Claimant did not fully recover from her work injury, and that she continues to be restricted to light duty work, lifting no greater than 15 (fifteen) pounds. *Id.*

Dr. Agnew testified that he conducted an independent medical examination (IME) of Claimant on August 26, 2005. (R.R. at 76a–77a). He also took a history and reviewed medical records, including the operative note of Dr. Sotereanos relating to the surgery to repair what he described as a central tear of a triangular fibrocartilage located on the ulnar side of the wrist. *Id.* It was his belief that Claimant made minimal efforts with regard to

strength tests, had no evidence of atrophy and had identical arthritic changes in the diagnostic studies of her left and right wrists. (R.R. at 80a–82a). He stated that Claimant presented with ongoing complaints far out of proportion to the injury history and surgical history. *Id.* He could not reconcile Claimant's dramatic complaints of pain with her injury history, physical findings and appearance. *Id.* Dr. Agnew concluded that Claimant sustained a right knee contusion, a left ankle sprain and a left wrist injury which resulted in a left wrist arthroscopy with debridement of her triangular fibrocartilage. *Id.* He opined that she was fully recovered from her work injury. *Id.*

By decision and order dated December 21, 2006, the WCJ granted Employer's termination petition. In so doing, the WCJ found the testimony of Dr. Agnew to be more credible than that of Dr. Sotereanos, and he found the testimony of Claimant to be not credible. He specifically found that Claimant was fully recovered from all aspects of her work injury at the time she was examined by Dr. Agnew, and that she could return to her time of injury work with Employer without any injury-related restriction or limitation.

Claimant appealed to the Board. By opinion and order dated December 20, 2007, the Board affirmed the decision and order of the WCJ. Claimant then filed the subject petition for review with this Court.

■ On appeal,[1] Claimant argues that the Board erred in affirming the WCJ's

1.  Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We acknowledge our Supreme Court's deci-

sion in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is

decision and order terminating her benefits when Employer failed to establish an improvement or change in Claimant's physical condition, thereby shifting the burden of proof to Claimant to establish her continued disability. Claimant also argues that the Board erred as the WCJ failed to issue a reasoned decision.

First, we will address Claimant's argument that the Board erred in affirming the WCJ's decision and order terminating Claimant's benefits because Employer failed to establish an improvement or change in Claimant's physical condition. To succeed in a termination petition, the employer bears the burden of proving that the claimant's disability has ceased and/or that any current disability is unrelated to the claimant's work injury. *Jones v. Workers' Compensation Appeal Board (J.C. Penney Co.)*, 747 A.2d 430 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 564 Pa. 718, 764 A.2d 1074 (2000). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from his/her work-related injuries. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa.Cmwlth.253, 595 A.2d 697 (1991). Where an employer alleges the existence of an independent cause of Claimant's continuing disability unrelated to the work injury, the burden remains on employer to prove that such cause exists. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983); *City of Philadelphia v. Workers' Compensation Appeal Board (Fluek)*, 898 A.2d 15 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 590 Pa. 662, 911 A.2d 937 (2006). An employer's burden is considerable, since disability is presumed to continue until demonstrated otherwise. *Giant Eagle, Inc. v. Work-*

*men's Compensation Appeal Board (Chambers)*, 161 Pa.Cmwlth.35, 635 A.2d 1123 (1995). Furthermore, in order to terminate benefits, an employer must address all of a claimant's injuries. *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368 (Pa. Cmwlth.1998). Finally, a WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

Claimant argues that the WCJ appears to have premised his decision on the now rejected decision of *King v. Workmen's Compensation Appeal Board (K–Mart Corporation)*, 549 Pa. 75, 700 A.2d 431 (1997), in which the Supreme Court concluded that proof of a change in a claimant's condition was not necessary to prevail on a termination petition. Claimant asserts that this case was expressly overruled by the Supreme Court's decision in *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 591 Pa. 490, 919 A.2d 922 (2007), in which the Supreme Court recognized that an employer on a termination petition may not ignore prior determinations of a claimant's physical condition, since it is not sufficient for an employer merely to challenge the diagnosis of a claimant's injuries. Claimant contends that the Supreme Court's decision in *Lewis* adds another layer of inquiry for claimants in compensation status who remain impaired by requiring an employer to show that the claimant's physical status has improved or changed.

Claimant argues that the Supreme Court's holding in *Lewis* requires Employer to establish that Claimant's physical condition has improved, which it did not. Claimant asserts that Employer acknowl-

properly brought before the court." *Winter-myer*, 571 Pa. at 203, 812 A.2d at 487.

edged that Claimant was suffering from a disability as a result of the work injury by virtue of Employer's conversion of the NTCP. Claimant contends that Dr. Agnew's testimony fails to establish any change in Claimant's physical condition which would be necessary to allow the conclusion of full recovery. Throughout his deposition, Dr. Agnew references earlier physical examinations of Claimant conducted by other doctors. Claimant asserts that the WCJ should have addressed these earlier physical examinations in order to determine whether Dr. Agnew's testimony can support a determination that there has been a change or improvement in Claimant's condition. Claimant acknowledges that Dr. Agnew was free to disagree with the treating physician and two prior independent medical evaluators regarding their conclusions as to the source of Claimant's continued symptoms. However, Claimant takes the position that because Dr. Agnew's findings on physical examination showed continued restriction of motion and strength deficit with the injured wrist that were similar to earlier testing, he could not assert that Claimant's physical limitations had changed or improved during the interval. Moreover, Claimant takes the position that she was entitled to a presumption of continued disability and had no need to present countervailing medical proof.

Employer counters that the testimony of Dr. Agnew supports Employer's termination petition. Dr. Agnew addressed the accepted work injuries and cited objective medical evidence to support his conclusions that Claimant had fully recovered from all of her work injuries. The WCJ was free to find the testimony of Dr. Agnew to be more credible than that of Dr. Sotereanos. Employer dismisses Claimant's contention that the Supreme Court's holding in *Lewis* must be applied to this case on the basis that *Lewis* is distinguishable.

We agree with Employer that *Lewis* is distinguishable from the case at hand and is not applicable herein. In *Lewis*, the claimant was receiving benefits due to a number of work related injuries to his back, left knee and brain. The employer unsuccessfully attempted to terminate benefits on three occasions. In proceedings relating to a fourth termination petition, the employer's medical expert opined that the claimant only sustained a back sprain as a result of the original work injury, and he did not address other accepted injuries which included the left knee and brain. Instead, the medical expert asserted that the claimant had fully recovered from the back sprain and that the other previously adjudicated diagnoses were improperly attributed to the work injury. In so doing, the employer's medical expert re-characterized the appellant's injuries in a manner inconsistent with the prior adjudications. Regardless, the WCJ terminated the claimant's benefits based upon the opinion of the employer's medical witness. On appeal, the Board affirmed the WCJ's order, and this Court affirmed the Board. The Supreme Court then reversed, holding that "the employer must show a change in physical condition since the *preceding disability adjudication*." *Lewis*, 591 Pa. at 503, 919 A.2d at 929 (emphasis added).

In reaching that holding in *Lewis*, the Supreme Court relied upon its earlier opinion in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), a case involving an irreversible injury, when it stated that it is not proper for an employer to challenge the diagnosis of the claimant's injuries as determined by a prior proceeding. The Supreme Court explained, as follows:

The rationale underlying our decision in Hebden is no less applicable in cases in which the claimant's injury is not irreversible. For example, when a claimant has been previously adjudicated disabled due to a reversible injury, an employer may, in a later action, assert that the claimant is no longer suffering from the injury, or is suffering to a lesser extent. Consistent with Hebden, however, an employer cannot, in a later action, concede that the claimant is still suffering from the previously-adjudicated injuries, but that those injuries are not work related. To do so would permit the relitigation of the issue of causation, which is barred by collateral estoppel. As this Court stated in Hebden, '[i]f such issues can be retried at will, the statutory system of workmen's [sic] compensation would be seriously undermined.'

*Lewis*, 591 Pa. at 501, 919 A.2d at 929, n. 4.

The key to the analyses set forth by the Supreme Court in both *Lewis* and *Hebden* is the fact that the injuries and disabilities at issue had been the subject of prior proceedings. As a result, the parties in those cases had the opportunity to litigate the nature and extent of the injury or disability, and a WCJ made an adjudication relating to the injury or disability. The employers in those cases were then bound by the injury or disability determination of the WCJ. In the case at hand, the parties have not previously litigated the matter. There is no prior adjudication establishing the nature or extent of the injury or disability. Rather, Claimant in this case is improperly attempting to equate the earlier opinions of other doctors as to the nature and extent of the injury with an adjudication by a WCJ. The earlier opinions of doctors simply are not "prior determinations" of the nature and extent of the injury as contemplated by *Lewis* and *Hebden*. Hence, we cannot conclude that the WCJ erred by not applying the Supreme Court's holding in *Lewis*.

Second, we will address Claimant's argument that the Board erred as the WCJ failed to issue a reasoned decision. Under Section 422(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834, a WCJ is required to offer a "reasoned decision." Our Supreme Court, in *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 574 Pa. 61, 828 A.2d 1043 (2003), held that a decision is reasoned if it allows for adequate review by the Board under the appropriate review standards without further elucidation.

Claimant argues that the failure of the WCJ to address Claimant's condition prior to the time of the termination petition as established by earlier diagnostic studies and examinations and his failure to thoroughly evaluate Employer's medical proof to determine whether that condition has improved, as dictated by *Lewis*, renders the decision inadequate. Claimant takes the position that the only question that needed to be addressed was whether Employer's medical expert established a change or improvement in Claimant's condition to warrant termination, and the decision fails to address that issue. Claimant asserts that a "reasoned opinion" applying *Lewis* should require a WCJ to delineate the extent of a claimant's work injuries and establish from the medical evidence available a "base line" of the claimant's restrictions that exist at the time of injury or prior to the alleged recovery in order to address whether the employer's offered proof establishes a "change or improvement" from the accepted injury.

Employer counters that the WCJ's opinion is reasoned. The WCJ summarized all the pertinent testimony and made all the necessary credibility determinations and

dispositive findings required for the pending petition. No further elucidation was required, as it provided the Board with an adequate basis for appellate review. Furthermore, Claimant's argument that the WCJ did not issue a reasoned decision hinges on its erroneous argument that the holding in *Lewis* controls this case.

We agree with Employer. The WCJ summarized the testimony of Claimant and both doctors, and set forth an explanation as to why he found the testimony of Employer's doctor to be more credible than the testimony of Claimant or her doctor. As the holding in *Lewis* is not applicable to the case at hand, we cannot conclude that the WCJ erred by not addressing it in his decision.

Accordingly, we must affirm the order of the Board.

### ORDER

AND NOW, this 11th day of June, 2008, the order of the Workers' Compensation Appeal Board is hereby affirmed.