**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BUTLER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 2010.

Decided July 26, 2011.

Kenneth M. Kapner, Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge LEAVITT.

The City of Philadelphia (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying its petition to suspend the total disability benefits of Rita Butler (Claimant) even though the Workers' Compensation Judge (WCJ) had adjudicated Claimant to be fully recovered from her work injury and able to work. The Board held that benefits can never be terminated or suspended as of a date that predates the employer's issuance of a Notice of Compensation Payable (NCP). On December 16, 2010, this Court vacated the Board's order, holding that benefits may be terminated or otherwise modified where the evidence proves that the claimant's disability resolved before the issuance of the NCP. Accordingly, we reinstated the WCJ's suspension, but with an amendment to the effective date of the suspension.

Claimant then filed a petition for reconsideration, noting that her appeal to the Board had challenged the merits of the WCJ's suspension, which the Board did not address. The Board did not reach those issues because its ruling that a suspension may not take effect before the issuance date of the NCP was dispositive of Claimant's appeal. This Court granted the reconsideration petition and withdrew its December 16, 2010, opinion and order.

Upon reconsideration, we conclude that Claimant's challenge to the substantive merits of the suspension must be ad-

Martin G. Malloy and Joseph P. Turchi, Philadelphia, for petitioner.

dressed by the Board. In all other respects we stand by the analysis and holding expressed in our December 16, 2010, opinion and order.

### Background.

This case has a lengthy history. On September 28, 1995, Claimant was injured in a car accident in the course of her work for Employer as a probation officer. The next day, Employer sent Claimant to Lawrence H. Foster, D.O., who began treating Claimant for her injuries, which he described as a series of sprains and bruises. Dr. Foster last examined Claimant on October 19, 1995, at which time he found her to be fully recovered and capable of returning to her pre-injury job. However, because Claimant was still complaining of head and back pain, for which Dr. Foster could find no objective evidence, he referred her to Lorraine Gutowicz, M.D., for a second opinion. Dr. Gutowicz examined Claimant and concurred in Dr. Foster's opinion that she had fully recovered.

On November 7, 1995, Employer issued an NCP, describing Claimant's work injury as bruises to the head, back and neck and listing a weekly compensation rate of $447.82. Reproduced Record at 1a (R.R. ——). In that portion of the NCP providing for the inception date of disability compensation, Employer placed an asterisk, directing the reader to the "Remarks" section of the NCP. There, Employer stated that Claimant "received salary in lieu of workers' compensation benefits under Regulation 32." *Id.*

The next month, in December 1995, Employer filed a petition to terminate disability benefits, asserting that Claimant had fully recovered from her work injury as of October 20, 1995. In the alternative, Employer requested a suspension of benefits. Claimant filed a penalty petition alleging that Employer had unlawfully failed to pay workers' compensation benefits from October 7, 1995, to October 24, 1995. The matter was litigated, and the WCJ found, on the basis of Employer's medical evidence, that Claimant was fully recovered as of October 20, 1995. The WCJ dismissed the suspension petition and penalty petition as moot. Claimant appealed, and the Board vacated and remanded the matter to the WCJ on procedural grounds because the Board had been unable to determine whether the WCJ had ruled on preserved objections. The Board also ordered the WCJ to render findings and conclusions on the penalty petition, because it would not be moot, regardless of the outcome of the termination petition.

On remand, the WCJ issued a new decision, again terminating benefits as of October 20, 1995. He also denied the penalty petition, concluding that Claimant failed to prove that Employer violated the Workers' Compensation Act (Act).[1] Claimant appealed, and the Board affirmed. This Court, however, reversed. *Butler v. Workers' Compensation Appeal Board (City of Philadelphia)*, (Pa.Cmwlth., No. 52 C.D. 2005, filed July 7, 2005) *(Butler I)*. We held, relying upon the Pennsylvania Supreme Court's decision in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), that Employer was required to prove that Claimant's work-related disability had resolved sometime *after* the date the NCP was issued, *i.e.,* November 7, 1995. Employer's medical evidence that Claimant's work-related disability had resolved *prior* to the date of the NCP could not support a termination of benefits. However, we remanded the matter for the WCJ to rule on Employer's suspension petition, which the WCJ had previous-

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4, 2501–2708.

ly dismissed as moot. We also ordered the WCJ to reconsider Claimant's penalty petition.[2]

On remand, the WCJ again found that Claimant did not suffer any residual effects of her work injury and was capable of returning to work. He also found, as fact, that Employer had offered Claimant a desk job within her physical capabilities at her pre-injury wages as of October 31, 1995, after she had been cleared for work by her treating physician, and again on September 25, 1997. The WCJ rejected as not credible Claimant's testimony that she was not capable of doing the offered job and found that Claimant had not responded in good faith to either job offer, as she is required to do. The WCJ suspended Claimant's benefits as of September 25, 1997, apparently because it was a date that fell after the issuance of the NCP on November 7, 1995.

With respect to the penalty petition, the WCJ found that Claimant was paid Injured on Duty pay "at some point" and was compensated by sick leave and the Family and Medical Leave Act.[3] WCJ Decision, December 19, 2007, at 4; Finding of Fact 27. The WCJ found that workers' compensation or payments in lieu of compensation should have been paid, and might have been paid for the 17 days listed in Claimant's penalty petition (from October 7 to October 24, 1995). However, Employer did not present evidence on this point. Accordingly, the WCJ held that Employer violated the Act by failing to pay compensation in the amount of $1,088 during that time and assessed a ten percent penalty. Because it was unclear what payments Employer had made to Claimant, the WCJ ordered Employer to pay workers' compensation benefits from the date of injury on September 28, 1995, up to the suspension date on September 25, 1997, with a credit allowed for any compensation payments, or payments in lieu of compensation, that Employer had already made.

Claimant appealed. With respect to the suspension, the Board reversed. Relying on this Court's *Butler I* remand opinion, the Board held that Employer was required to show that Claimant's physical condition improved after Employer issued the NCP. Because Employer's medical evidence showed that Claimant had fully recovered from her minor injuries before the issuance of the NCP, the Board held that the evidence did not support a suspension. This was true even though the WCJ was careful to order the suspension to be effective after the date of the NCP. The Board affirmed the WCJ's decision on the penalty. Employer then petitioned for this Court's review.[4]

On appeal, Employer presents one issue for our consideration.[5] Employer argues that the Board misapplied the Supreme Court's decision in *Beissel* as well as this Court's *Butler I* decision. Employer argues that it has proved what it was required to prove in order to suspend Claim-

2. Employer petitioned for reargument before the Court *en banc*, but the application was denied. The Pennsylvania Supreme Court also denied Employer's petition for allowance of appeal.

3. Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654.

4. This Court's review of an order of the Board is limited to determining whether the neces-

sary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

5. The penalty petition is not at issue on appeal.

ant's disability compensation, namely that she was recovered and able to work. Employer agrees that it cannot repudiate the substantive contents of an NCP. It argues that the date of an NCP, in itself, does not determine the effective date of a suspension of benefits.

### Notice of Compensation Payable.

■ Sections 406.1 and 407 of the Act, 77 P.S. §§ 717.1, 731, establish the requirements of an NCP. Section 406.1(a) of the Act states, in relevant part, as follows:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable *as provided in section 407.* . . .

77 P.S. § 717.1(a) (emphasis added).[6] In turn, Section 407 states, in relevant part, as follows:

> *Where payment of compensation is commenced without an agreement,* the employer or insurer shall simultaneously give *notice of compensation payable to the employe* or his dependent, *on a form prescribed by the department,* identifying such payments as compensation under this act and shall forthwith furnish a copy or copies to the department as required by rules and regulations.

77 P.S. § 731 (emphasis added). Regulations establish the prescribed form and timing of the NCP. *See* 34 Pa.Code § 121.7(a).[7] Notably, neither statute nor regulation attaches any significance to the issuance date of an NCP.

■ An NCP acknowledges the existence of a work injury, and it can limit this acknowledgement to a "medical only" NCP, meaning that the injury did not result in a loss of earning power. *Forbes Road CTC v. Workers' Compensation Appeal Board (Consla),* 999 A.2d 627, 629 (Pa.Cmwlth.2010). An NCP can also acknowledge that the work injury requires both medical compensation and disability compensation. *See, e.g., Penn Beverage Distributing Co. v. Workers' Compensation Appeal Board (Rebich),* 901 A.2d 1097 (Pa.Cmwlth.2006).

■ The NCP frames the issues in a termination or suspension proceeding. A termination of compensation, which ends both medical and disability benefits, will not be granted unless the claimant is recovered from each and every injury listed in the NCP. *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson),* 718 A.2d 368, 370 (Pa.Cmwlth.1998). A suspension of disability benefits is appropriate where the claimant continues to need medical treatment for the injuries listed in the NCP but is able to work. *See generally Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987).

---

**6.** Section 406.1 was added by the Act of February 8, 1972, P.L. 25, No. 12, § 3.

**7.** The regulation requires the employer to send the NCP, a form LIBC–495, to the employee; file the NCP with the Bureau; and pay compensation. It states, in relevant part:

> (a) If an employer files a Notice of Compensation Payable, Form LIBC–495, the employer shall do all of the following simultaneously and no later than 21 days

from the date the employer had notice or knowledge of the disability:

> (1) Send the Notice of Compensation Payable, Form LIBC–495, to the employee or the employee's dependent.
> (2) Pay compensation to the employee or to the employee's dependent.
> (3) File the Notice of Compensation Payable, Form LIBC–495, with the Bureau.

34 Pa.Code § 121.7(a).

## Beissel v. Workmen's Compensation Appeal Board.

The question presented in this appeal is how the *date* of an NCP impacts an employer's ability to terminate or suspend a claimant's benefits. Central to this inquiry is our Supreme Court's ruling in *Beissel*, 502 Pa. 178, 465 A.2d 969.

In *Beissel*, the claimant slipped and fell at work in May 1975. In June 1976, she underwent back surgery. Thereafter, the claimant filed a claim petition for workers' compensation benefits, alleging that her fall at work had caused her back pain and necessitated her June 1976 back surgery. The parties settled. In accordance with that settlement, the employer issued an NCP, acknowledging liability for the claimant's lower back injury, her surgery and loss of wages. Two years later, the employer filed a termination petition alleging that the claimant's back problems had not been caused by her May 1975 work injury. The WCJ terminated benefits, finding that the claimant's 1976 back surgery and disability had been caused by a coughing and laughing spell, and not by her May 1975 injury. The Board and this Court affirmed, and the Pennsylvania Supreme Court reversed.

In doing so, the Supreme Court noted that the employer came to regret settlement with the claimant: *"we should have never placed her on compensation ... what we are saying is that the condition that she has now is in no way related to this fall in 1975." Beissel*, 502 Pa. at 182 n. 5, 465 A.2d at 971 n. 5 (emphasis in original). The Court rejected the notion that, after-the-fact, the employer could challenge the terms of its settlement. The Court explained that

> in the case of an agreement or a notice of compensation payable, [an employer] has the burden of showing that the employe's disability has changed *after* the date of the agreement or the notice of compensation payable.... It is clear that [the employer] has sought to prove, not that [the claimant's] disability has terminated since 1977, but that [the claimant's] current disability, which has remained unchanged since March, 1976, was *never* related to [the claimant's] fall in May, 1975.

*Id.* at 182, 465 A.2d at 971 (emphasis in original). The employer's evidence did not show that the claimant had recovered from the work-related disability identified in the NCP; rather, it showed that the NCP was erroneous and that the claimant had not suffered a work-related injury. The Supreme Court held that the employer was not entitled to repudiate its own NCP with new medical evidence.

Here, Claimant emphasizes *Beissel's* statement that there must be a change in the claimant's condition "after the date of the ... notice of compensation payable." *Id.* Claimant takes that statement out of context. The claimant in *Beissel* withdrew her claim petition in reliance upon her settlement with her employer who agreed to accept liability for her back surgery and loss of earning power. This context is central to *Beissel's* holding.

■ The principle established in *Beissel* is that an employer is bound by the contents of its own NCP. The employer cannot repudiate the substance of its own NCP and its acceptance of liability for a work injury.[8] It is *Beissel's* principle, not a single sentence taken out of context by Claimant, that guides our analysis in this case.

### Employer's Appeal.

In its termination and suspension petition, Employer did not disavow Claimant's

---

8. This is not to say that an NCP issued on the basis of fraud can never be amended.

disabling work injury, as did the employer in *Beissel.* Employer did not repudiate the contents of its NCP by asserting that Claimant was neither injured nor disabled by her work injury. Rather, it sought only to prove that Claimant had fully recovered from the work injury described in the NCP.

■ As noted above, an employer must file an NCP no later than 21 days after it learns of a claimant's work injury. 34 Pa.Code § 121.7(a). Employer missed this deadline. It did not issue its NCP until November 7, 1995, which Employer describes as a "procedural matter," because it had accepted liability for Claimant's medical treatment and salary. Accordingly, it paid Claimant Injured on Duty benefits. Employer's Brief at 5. Employer is correct about the procedural necessity of an NCP under 34 Pa.Code § 121.7(a). In addition, benefits cannot be terminated or suspended under Section 413 of the Act[9] unless and until an injury is acknowledged in some manner, such as by the employer's filing of an NCP. *MPW Industrial Services v. Workers' Compensation Appeal Board (Mebane),* 871 A.2d 318, 322 (Pa. Cmwlth.2005) (holding that a WCJ cannot entertain a petition under Section 413 where there is no existing NCP or agreement).

Employer's NCP acknowledged that Claimant suffered a disabling work injury. The NCP did not provide a starting date for compensation because Employer explained that it had paid Claimant Injured on Duty benefits "in lieu of workers' compensation." R.R. 1a.[10] Most critically, the NCP did not state that Claimant remained disabled as of November 7, 1995, on which date Employer filed its NCP with the Bureau.

The Board set aside the WCJ's suspension because Employer did not show that Claimant's condition changed after November 7, 1995. Employer cannot make this showing because it is not consistent with the truth. Claimant has been found by the WCJ to be fully recovered as of October 20, 1995, several times in the course of the last 16 years. It does not advance sound policy, or any provision of the Act, to have the date of an NCP's issuance stand as an absolute barrier to a termination of benefits for a claimant who is fully recovered.

First, such a holding exalts form over substance. The substance of the NCP is that Claimant was disabled and entitled to benefits. The NCP *did not* recite that Employer considered Claimant still unable to work as of November 7, 1995, when it issued the NCP. Had the NCP contained such a statement, the outcome here might be different.

Second, the Act establishes penalties where an employer has violated the Act. Employer's failure to issue the NCP in accordance with the deadline in the regulation at 34 Pa.Code § 121.7(a) may subject it to a penalty. However, nowhere does the Act or the regulation state that failure to issue a timely NCP can result in a permanent award of disability benefits, notwithstanding a claimant's full recovery.

■ Third, preventing an employer from proving a claimant's recovery prior to the date an NCP issued will discourage

---

**9.** It states, in relevant part, as follows:
   A workers' compensation judge designated by the department may, at any time ... suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge....

77 P.S. § 772.

**10.** Claimant disputes that Employer actually paid her Injured on Duty benefits. However, that issue is not relevant to our analysis.

employers from issuing NCPs. There are times where a work injury will have such a short duration that it would be impossible to issue an NCP before the claimant has recovered. If the employer is punished for issuing an NCP in such a circumstance, then the employer has no reason to issue one.[11] This will force claimants to pursue benefits by filing a claim petition. One of the elements of a claimant's burden is to prove that her disability continues throughout the pendency of the claim petition proceeding. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 166 Pa.Cmwlth. 141, 646 A.2d 51, 54 (1994).

■ Here, had Employer simply refused to issue an NCP, Claimant would have had to file a claim for benefits and bear the burden of proving her work injury and its duration. The WCJ could have then granted the claim for a closed period, terminating benefits as of October 20, 1995, or suspending them as of the October 31, 1995, job offer. This is because the WCJ is empowered to terminate or suspend benefits if the evidence in the claim proceeding shows that the claimant has recovered or that a suitable job was made available to her. *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 28 n. 11, 742 A.2d 649, 658 n. 11 (1999); *Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182, 189–190 (Pa.Cmwlth.2002).

Employer proved that Claimant recovered from the work-related injury identified in the NCP. This is all Employer was required to prove.

### Conclusion.

We hold that the date of an NCP does not preclude the termination, suspension or modification of benefits as of a date that predates the filing of an NCP. The panel erred in holding otherwise in *Butler I.* This Court, acting *en banc,* has the power to reverse the holding of a panel, and we do so here. *LaChance v. Michael Baker Corporation,* 869 A.2d 1054, 1056 n. 4 (Pa. Cmwlth.2005). Consistent with our holding, we vacate the Board's decision and order disapproving Employer's suspension for the stated reason that it predates the date of the NCP.[12]

■ However, this does not end the matter. When the Board reversed the suspension based on the NCP's date, it specified that "we need not address Claimant's remaining arguments on Appeal with respect to the Suspension Petition." Board Opinion, May 27, 2009, at 6 fn. 3. The Board must now address these other arguments of Claimant.[13]

Accordingly, upon reconsideration, we remand the matter to the Board to address Claimant's challenge to the suspen-

---

11. Indeed, Employer here has paid a heavy price for issuing its NCP, *i.e.,* paying Claimant workers' compensation benefits for 16 years after she fully recovered.

12. As previously noted, Claimant was also awarded a penalty and the outcome of that portion of the litigation has not been appealed. Therefore, we affirm the portion of the Board's order regarding the penalty petition.

13. In order to obtain a suspension of benefits, the employer must establish job availability,

even where the claimant has been released to work with no restrictions. *Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello),* 560 Pa. 618, 632, 747 A.2d 850, 858 (2000); *Consol PA Coal Co.– Enlow Fork Mine v. Workers' Compensation Appeal Board (Whitfield),* 971 A.2d 526, 531– 532 (Pa.Cmwlth.2009). Here, although Claimant was medically determined to have no remaining disability as of October 20, 1995, Employer's offer of employment was effective October 31, 1995.

sion not previously addressed by the Board.

## ORDER

AND NOW, this 26th day of July, 2011, the order of the Workers' Compensation Appeal Board dated May 27, 2009, in the above-captioned matter is hereby AFFIRMED with respect to the penalty petition. The order is otherwise VACATED and the matter REMANDED for further proceedings consistent with the attached Opinion.

Jurisdiction relinquished.

## DISSENTING OPINION BY Judge PELLEGRINI.

It has been held without cavil that all the facts contained in a Notice of Compensation Payable (NCP), absent a petition to modify the NCP as being inaccurate, are fixed. To seek a termination of benefits, an employer has to show that after the date the NCP is issued, the claimant has fully recovered. In this case, Employer's medical expert testified that Claimant had fully recovered before the NCP was issued, which is at variance with the admitted facts contained in the NCP. Overlooking that Employer's remedy for changing the date of acceptance of an injury is to file a petition to modify the NCP, the majority holds that an employer need not do so because it is not bound by the NCP's date and can rely on any date prior to the date that the NCP was issued as long as there is some meaningful medical evidence presented.

I respectfully dissent because the majority places something that was fixed with uncertainty, allows a collateral attack on the NCP, and is at variance with our Supreme Court's decision in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983).

In *Beissel*, the claimant slipped and fell at work in 1975. Almost one year later, she was hospitalized for low back and hip pain. Several months later, she had back surgery to relieve the pain. She applied for workers' compensation benefits in July 1976, but an agreement was reached between the claimant and her employer's insurance carrier, and her claim petition was withdrawn. In February 1977, the employer filed an NCP providing for payment of compensation to the claimant for a low back injury. Two years later in 1979, the employer filed a petition to terminate benefits alleging that the claimant's present condition was unrelated to her original work injury. The referee granted a supersedeas in response. Ultimately, the referee terminated benefits on June 22, 1979. On appeal, the Board and this Court affirmed.

Our Supreme Court reversed and remanded, first setting forth the general standard that when an NCP exists, the petitioner has the burden of showing that the claimant's disability has changed *after* the date of the NCP for purposes of having a termination petition granted. The Court noted that the employer presented no evidence of a change in the claimant's condition *after* the filing of the NCP in 1977. "It is clear that appellee has sought to prove, not that appellant's disability has terminated since 1977, but that appellant's current disability, which has remained unchanged since March, 1976, was *never* related to appellant's fall in May, 1975." *Beissel*, 502 Pa. at 182, 465 A.2d at 971. The Court explained that it held that it was employer's burden to prove that an employee's disability had decreased *after* the filing of an NCP.

The majority takes away from *Beissel* that it was an employer's burden to prove that the claimant's disability had decreased *after* the NCP was issued because claimant

takes the statement "there must be a change in the claimant's condition after the date of the NCP" out of context. In holding that *Beissel* does not apply, the majority relied on one comment in footnote 5 made by the City of Philadelphia (Employer) that it "should have never placed [the claimant] on compensation." *Beissel*, 502 Pa. at 182 n. 5, 465 A.2d at 973 n. 5.[1] Quite frankly, I do not see how that comment has any import, whatsoever. The other reason given by the majority was that claimant withdrew her claim petition because Employer agreed to accept liability for back surgery and loss of earning power. What that reason omits is that claimant withdrew her claim petition because Employer issued the NCP at issue here.

Moreover, that reading of our Supreme Court's decision in *Beissel* ignores that it is how we stated the issue in our decision in *Beissel v. Workmen's Compensation Appeal Board*, 67 Pa.Cmwlth. 13, 445 A.2d 1332, 1333 (1982). We stated the sole issue as "petitioner argues that the employer did not meet its burden of establishing that a change in her disability had occurred after the compensation agreement had been entered into and that benefits, therefore, should not have been terminated." We held, as the majority does here, that the date was not preclusive, which the Supreme Court reversed.

The majority attempts to buttress its position that employers are not bound by the date of the NCP with makeweight arguments: that not to allow an earlier

date elevates "form over substance" (The Rules of Evidence are not form over substance); that penalties are the remedy (I do not see what legal import the issue of what is the preclusive effect the NCP); or that "it will discourage employers to issue NCPs" (Employers are bound to either issue a Notice of Compensation Payable or Denial within the time prescribed or can issue a temporary NCP until it investigates. Employers may be discouraged but they have to follow the law.) An employer who believes that an NCP was improperly issued has the remedy of filing a petition to modify. Section 413(a) of the Workers' Compensation Act,[2] which authorizes modification of a notice of compensation payable at any time upon proof of an inaccuracy, provides as follows:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.....

77 P.S. § 771. (Emphasis added.) What the majority does is excuse an employer from filing such a petition where it believes the NCP is inaccurate and allows it to remedy its failure to properly present

---

1. The full footnote reads:
   Counsel for appellee presented appellee's position at the hearing as follows:
   [I]t is admitted that the defendant put this woman on compensation based on an opinion received from Dr. Love which upon reflection is equivocal and in our opinion we should have never placed her on compensation, but as indicated, and you will see it in Dr. Murray's deposition, that is

water over the dam. We've admitted that we didn't file a petition to review this matter to set aside the original agreements. We have paid this woman and we are not seeking any compensation back from her, but what we are saying is that the condition that she has now is in no way related to this fall in 1975.

2. Act of June 2, 1915, P.L. 736, *as amended.*

the proper evidence before the WCJ.[3]

Simply put, an NCP establishes a date that recognizes the date of an injury. An employer is not allowed to offer a test or evidence that provides a date of injury that is inconsistent with the date of the NCP because any date before the date on the NCP is inconsistent with the date and the admission of the injury. Essentially, that would allow employers to collaterally attack their own NCPs which is not permitted.

Accordingly, I respectfully dissent.

---

**3.** All an employer needs to do to prove that a plaintiff has recovered after the date of the NCP is to offer a medical witness who states that the claimant has fully recovered from his injury on a date after the NCP was issued. *See King v. Workmen's Compensation Appeal Board (K-Mart Corp.),* 549 Pa. 75, 700 A.2d 431 (1997).