626 A.2d 94

**Lawrence GUMRO, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
and Emerald Mines Corporation, Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided May 26, 1993.

Reargument Denied Aug. 23, 1993.

Susan Ritz Harper, Uniontown, for appellant.

Daniel J. Iler, Ceisler/Richman Law Firm, Washington, for Emerald Mines Corp.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

The issue instantly presented is whether the Commonwealth Court properly concluded that the referee's finding that Appellant's injury was not work related was established by the evidence presented. For the reasons that follow, we hold that the referee's conclusions were not supported by substantial evidence and we reverse the Order of the Commonwealth Court.

This case stems from the following facts: Appellant, Lawrence Gumro, employed by Appellee, Emerald Mines Corporation, injured himself when he stepped in a hole at Appellee's coal mine and twisted his left knee. He received workmen's compensation benefits from February 25, 1985 to June 13,

1986. He had arthroscopic surgery on March 5, 1985, and then developed pain and swelling in his left leg, attributable to a blood clot. He continued to have pain and swelling, which his treating physician attributed to deep venous insufficiency. Appellant returned to work for a few days, but could not continue. Eventually, Appellee assigned him to a light-duty job, and Appellant received partial disability benefits. Then, on June 26, 1986, Appellee laid off Appellant and other employees.

Appellant filed a penalties petition, and the Appellee filed a petition for termination of compensation. The referee approved the employee's termination of benefits and made the following conclusions of fact and law:

2. Based upon the competent and credible testimony offered by the deposition of Dr. Stanley E. Falor, it is found as a matter of fact that the claimant's work-related knee injury had resolved itself to the extent that the Claimant was capable of returning to his prior employment. The Claimant presented the deposition testimony of Dr. Charles Andrew Heiskell. The Defendant presented the deposition testimony of Dr. Falor. Both physicians testified regarding the Claimant's physical condition as a result of the work-related injury. Claimant had arthroscopic knee surgery performed by Dr. David Stoll on March 4, 1985. The Claimant's physician, Dr. Heiskell, began treating Claimant for a deep venous thrombosis in March of 1985. The thrombosis or blood clot caused scarring in the calves of the veins [1] in the Claimant's left leg which caused the Claimant's occasional complaints of pain and swelling. This is the underlying and fundamental reason why the Claimant is unable to perform his pre-injury employment.

3. The testimony of Dr. Heiskell and Dr. Falor regarding the Claimant's current condition is highly equivocal as far as it relates to the work injury. The evidence does not show that the deep venous insufficiency was caused by the work-related injury.

1. So in original. Probably means "veins in the calf of the claimant's left leg."

. . . .

2. The causal connection between the physical condition of the Claimant as a result of the deep venous thrombosis or blood clot and the injuries sustained by the Claimant on February 24, 1985, is not obvious. Therefore, the burden of proof if upon the Claimant to establish that relationship by unequivocal medical testimony. The testimony of Dr. Heiskell and Dr. Stanley E. Falor fails to meet that standard.

3. Based upon the foregoing Findings of Fact, the Suspension Petition filed by the Defendant should be granted and the Penalty Petition filed by the Defendant should be denied.

The Workmen's Compensation Appeal Board affirmed the decision of the referee on June 12, 1989. Appellant appealed to the Commonwealth Court, which affirmed the Workmen's Compensation Appeal Board's decision on September 20, 1990. The divided panel of the Commonwealth Court noted that the referee had erroneously placed the burden on Appellant to prove the causal relationship between his injury and his remaining disability. However, it found the error to be harmless, because substantial evidence supported the referee's finding that the Appellant had recovered from his work-related injury. *Gumro v. W.C.A.B. (Emerald Mines Corp.),* No. 1229 Civil Docket 1989, slip op. at 7 (Pa.Commw.Ct., Sept. 20, 1990). The Commonwealth Court relied upon the following testimony of Dr. Stanley Falor, a witness for the employer, as the basis of its finding that the Appellant had recovered from his work-related injury.

Q. Now doctor, based upon your examinations of this patient and your collection of a history, do you believe that Mr. Gumro would be able to return to his work in the coal mines?

A. Yes. On the last examination, which was January 24— that was a Friday—I recommended that he return to work on Monday, January 27.

. . . .

Q. Now Mr. Gumro originally saw you regarding the knee injury and, of course, it was subsequently operated on [on March 4, 1985]?

A. Yes.

Q. Has there been any further problems regarding Mr. Gumro's knee?

A. To my knowledge, there hasn't. The cartilage was taken care of through arthroscopic surgery, and to my knowledge there was no further defect in the function of the knee joint.

Q. Then is the knee itself causing any further problems for Mr. Gumro?

A. To my knowledge, no.

Q. And the problems that Mr. Gumro complains of, at this time—are they related to the venous insufficiency?

A. That's the primary complaint that he's had since January 2, '86.

. . . .

Q. Doctor, I see that you talk about the deep venous insufficiency, and cause and effect having not been determined. What do you mean by that?

A. Well, when I referred Mr. Gumro to Dr. Stoll, he had an injury to the cartilage in his knee. The next time I saw him, he had a complaint of swelling in the leg. I didn't see him in the interim, and I don't feel that I can comment on any relationship between the surgery that he had—the arthroscopic surgery for the cartilage—and the development of the venous insufficiency.

. . . .

Q. And you think he should be able to return to work using [a Jobst elastic stocking and Jobst pump as] forms of treatment?

A. That's my opinion.

Q. Doctor, is your testimony today presented within a reasonable degree of medical certainty?

A. Yes it is.

*Id.,* slip op. at 4–6. The Commonwealth Court found this testimony to be the substantial evidence to justify the referee's finding. The Appellant sought *allocatur* from this Court, which we granted. 527 Pa. 638, 592 A.2d 1305 (1991). We now reverse.

■ Appellant argues that the referee's decision was not supported by substantial evidence.[2] Appellee argues that it was. We agree with the Appellant.

■ Our review of the Workmen's Compensation Appeal Board is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. *City of Harrisburg v. W.C.A.B. (Gebhart),* 532 Pa. 592, 616 A.2d 1369 (1992); *Murphy v. W.C.A.B (Roadway Express Inc.),* 142 Pa.Commw. 416, 598 A.2d 87 (1991), *appeal denied,* 530 Pa. 649, 607 A.2d 257 (1992); *Majesky v. W.C.A.B. (Transit America, Inc.),* 141 Pa.Commw. 398, 595 A.2d 761, *appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991). Where an employer seeks to terminate benefits after the issuance of a Notice of Compensation Payable, the burden is on the employer to prove that the current disability is not related to the work-related injury. *Beissel v. W.C.A.B. (John Wanamaker, Inc.),* 502 Pa. 178, 465 A.2d 969 (1983). In *Beissel,* this Court reviewed a petition for termination of benefits filed by John Wanamaker, Inc., which challenged the original causal relationship between the employee's injury and his continuing disability. This Court held that once a Notice of Compensation Payable was filed, the burden is on the employer to prove that the disability has changed to justify a termination. *Id.* at 182, 465 A.2d at 971. Likewise, if an employer asserts not that the disability has changed, but that there is an independent cause for the disability, unrelated to the original work injury, the employer bears "the burden of proving that an

---

**2.** Appellant also argues that the referee erroneously placed the burden on the Appellant to prove a causal relationship and that he was denied due process because the referee did not examine whether he held a specially created job. The former argument was already accepted by the Commonwealth Court, and we need not address the latter because our relief is based upon Appellant's first argument.

independent cause of an employee's disability arose *after* the filing of a notice of compensation payable if the petitioner is seeking to justify the termination of benefits on the grounds that the employee's disability is no longer work-related." *Id.* at 185, 465 A.2d at 972.

*Beissel* clearly controls the instant matter. Appellant received full benefits when he was out of work and then received partial benefits when he returned to a different job at a reduced salary. The record includes the Notice of Compensation Payable dated March 20, 1985. Upon Notice of Compensation Payable, the burden is on the employer to prove that an independent cause exists. The evidence ruled upon by the referee, and later the Commonwealth Court, does not fulfill the employer's burden to prove that the causal relationship no longer exists, nor does it prove that an independent cause arose after the injury. Dr. Falor explicitly states that he cannot comment on the causal relationship between the arthroscopic surgery and the venous insufficiency:

*I don't feel that I can comment on any relationship between the surgery that he had—the orthoscopic surgery for the cartilage—and the development of the venous insufficiency.*

*Gumro,* slip op. at 7 (emphasis added). Clearly, this cannot provide the basis for terminating benefits. Dr. Falor's testimony provides no evidence of a lack of relationship between the venous insufficiency and the knee injury. Thus the Commonwealth Court erroneously found that sufficient evidence supported the referee's findings.

Accordingly, the Order of the Commonwealth Court is reversed, and the Workmen's Compensation Appeal Board is ordered to reinstate Appellant's benefits.

ZAPPALA, J., concurs in the result.