**CITY OF PHILADELPHIA, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (FLUEK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 2006.

Decided April 6, 2006.

Reargument Denied June 5, 2006.

the Board shows a legislative intent to allow uses similar to those in the within case, with-

Martin G. Malloy, Philadelphia, for petitioner.

Robert D. Erickson, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Petitioner City of Philadelphia (Employer) petitions for review of two (2) orders of the Workers' Compensation Appeal Board (the Board), dated October 15, 2001, and May 24, 2005, the first of which vacated and remanded a decision of a Workers' Compensation Judge (WCJ) and the second of which affirmed the WCJ's decision after remand. We now vacate the Board's order, dated October 15, 2001, and reinstate the WCJ's original decision and or-

out requiring approval of the Board.

der in this matter, which was dated March 14, 2000.

Respondent Franklin Fluek (Claimant) was employed by Employer's Water Department as a pumping station engineer. On November 10, 1986, Claimant was involved in a work-related accident when he slipped on a curb and twisted his left knee while he was attempting to change a tire on a vehicle owned by Employer. On November 19, 1986, Employer issued a notice of compensation payable (NCP), recognizing Claimant's knee injury.

On December 15, 1995, Employer filed a petition for modification/suspension, averring that job referrals within Claimant's restrictions had been forwarded to Claimant, but that Claimant acted in bad faith with regard to the job referrals. Respondent filed an answer, denying the averments. Employer subsequently amended its petition to include a request for termination, alleging that Claimant had fully recovered from his work-related knee injury. Claimant then filed a review petition, seeking to amend the NCP to include a low back injury.[1]

The WCJ conducted hearings, at which time Employer presented the deposition testimony of William F. Bonner, M.D., who is board certified in physical medicine and rehabilitation, and Beth Darman, a vocational counselor. Claimant testified on his own behalf and presented the deposition testimony of Seymore Leiner, M.D., whose practice consists of orthopedics and orthopedic surgery.

By decision and order dated March 14, 2000, the WCJ granted Employer's termination petition; denied Employer's modification/suspension petition as moot; and denied Claimant's review petition. In doing so, the WCJ found the testimony of Dr. Bonner to be more credible than that of Dr. Leiner regarding whether or not Claimant sustained a back injury as part of

---

1. The record is sketchy as to events that occurred earlier with regard to Claimant's injuries and workers' compensation proceedings. Despite the fact that Employer issued an NCP on November 19, 1986, recognizing Claimant's knee injury, the record also reveals that Claimant filed a claim petition on February 6, 1987, relating to that knee injury. (R.R. at 155a). That claim petition appears to have been withdrawn pursuant to a Referee's decision and order, dated October 23, 1987, which states that the petition is withdrawn upon payment of Claimant's relevant medical expenses as requested by Claimant's attorney at the hearing held on October 20, 1987. (R.R. 158a). Subsequently, on March 11, 1988, Employer issued a notice of compensation denial (NCD), relating to a back injury. (R.R. at 157a). The NCD states that the "[b]ack injury [is] determined not to be work related due to lack of initial complaint or adequate notice to the City of Philadelphia." *Id.* More than five (5) years later, the parties entered into a "supplemental agreement for compensation for disability or permanent injury" (the Supplemental Agreement), dated August 12, 1993, in which Employer agreed to reimburse Claimant for certain specified medical bills. (R.R. at 159a). Employer also remained obligated for continuing medical bills related to Claimant's November 10, 1986, work injury. *Id.* Claimant takes the position that Employer acknowledged Claimant's low back injury through the Supplemental Agreement in that Employer agreed to pay for certain medical bills relating to Dr. Leiner's treatment of Claimant's low back. The WCJ made no such determination relating to that factual issue, and the record before this Court is not sufficient to support Claimant's factual assertion. We note that the Supplemental Agreement does not describe the type of services provided in connection with the medical bills paid; the Supplemental Agreement does not indicate an intent by Employer to acknowledge responsibility for Claimant's alleged back problems; and the record does not contain any supporting documentation to establish that, through the Supplemental Agreement, Employer acknowledged and agreed to pay for medical bills relating to Claimant's alleged back injury. Hence, the above-referenced documents do not support Claimant's assertion that Employer has reneged on its previous agreement to acknowledge Claimant's alleged back injury.

his accepted work injury on November 10, 1986. The WCJ stated that:

> Dr. Bonner could not conclude the back problems were related to the injury of November 10, 1986 because the initial medical records from Northeastern Hospital only mentioned a knee injury and do not support a back injury. The medical records indicate the Claimant also has a congenital problem with his back. Dr. Leiner opined the Claimant's back condition could be related to the original injury; however, even after five EMG's, he could not state with medical certainty that it was related. Dr. Leiner testified that Claimant's back problems could be related to his age. The credible medical testimony does not support a relationship between the back problems and the original injury; therefore, the Claimant's request that the back condition be included on the NCP is denied.

(WCJ's decision, dated March 14, 2000, attached to Petitioner's brief at appendix "A").

The WCJ also found Dr. Bonner's testimony more credible than Dr. Leiner to the extent that Dr. Bonner testified that Claimant's condition had changed and he was capable of returning to light-duty work and that Claimant had fully recovered from his work injury. The WCJ also found the testimony of Ms. Darman to be more credible than that of Claimant with regard to the suitability of job referrals Employer made to Claimant and Claimant's lack of good faith with regard to the referrals. The WCJ then found that Claimant had fully recovered from his work injury, effective August 30, 1995, and that Claimant was notified of three (3) jobs that were vocationally and physically suited to him, but he did not exercise good faith with regard to those jobs.

Claimant appealed the WCJ's opinion to the Board. By decision dated October 15, 2001, the Board concluded that the WCJ erred with regard to the burden of proof. The Board wrote:

> We agree in part with Claimant's contentions on appeal that the WCJ erred by finding that [Employer] only had the burden to prove that Claimant was fully-recovered from the work-related injury listed in the NCP. Our Supreme Court has stated in *Grumro [sic] v. Workmen's Compensation Appeal Board*[2] . . . that the burden is on [an employer] in a termination petition to prove a lack of causal connection between any averred injury and the work-related incident. As such, it was [Employer's] burden to show that Claimant did not suffer, or if so suffered is now fully recovered from, injuries to his back that he incurred as a result of the November 10, 1986 work incident. Moreover, Claimant was not in fact required to file any Review Petition in order to have the back injury considered to be a work-related injury. Grumo [sic] requires [an employer] on a Termination Petition to prove that a claimant has recovered from all of his work-related injuries and if there is ongoing disability it is not work related. We do not believe this is contrary to the spirit of the Act. Indeed, we note that it is the [employer] who unilaterally designates what the work-related injuries are on a NCP.[3]

---

2. *Gumro v. Workmen's Compensation Appeal Board (Emerald Mines Corporation)*, 533 Pa. 461, 626 A.2d 94 (1993).

3. In support of the last sentence, the Board cited *Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 556 Pa. 325, 728 A.2d 902 (1999), and *Jones v. Workers' Compensation Appeal Board (J.C. Penney Company)*, 747 A.2d 430 (Pa.Cmwlth. 2000), *petition for allowance of appeal denied*, 564 Pa. 718, 764 A.2d 1074 (2000).

(Board's opinion, attached to Petitioner's brief at Appendix "B").

The Board vacated the WCJ's order and remanded the matter to the WCJ, with instruction that the WCJ reopen the record to allow Employer to present medical testimony to support its burden as to the alleged back injury and Claimant to rebut any such evidence presented.[4]

On remand, the parties elected not to present additional medical testimony. By decision and order dated March 28, 2003, the WCJ granted Claimant's petition to review the NCP to include a low back injury and denied Employer's termination and modification/suspension petitions. In doing so, the WCJ made factual and credibility findings that were different from the earlier decision, which had been vacated by the Board. Specifically, the WCJ found that Dr. Leiner's testimony was credible. Dr. Leiner opined that Claimant sustained a work-related injury to both his knee and back and that Claimant's condition continues to worsen such that he remains totally disabled from any gainful employment. The WCJ rejected as not credible Dr. Bonner's testimony that Claimant had fully recovered and could return to sedentary work. The WCJ also rejected as not credible the testimony of Ms. Darman that Claimant could perform the three (3) jobs she referred to Claimant. The WCJ found Claimant's testimony credible regarding his continuing medical problems with his back and knee.

Employer then appealed the WCJ's decision to the Board. By opinion and order dated May 24, 2005, the Board affirmed the WCJ's decision. Employer then filed the subject petition for review with this Court.

On appeal,[5] Employer argues that the Board erred in vacating and remanding the WCJ's decision and order, dated March 14, 2000, for the following reasons: the WCJ's decision was supported by substantial, competent evidence and was a reasoned decision; the Board erred in applying the Supreme Court's holding in *Gumro*; the WCJ properly found that Employer demonstrated through unequivocal, substantial medical evidence that Claimant's disability had ceased; the WCJ specifically and appropriately rejected any and all testimony relating the low back complaints to the work-related knee injury for which Employer was responsible; and the WCJ's credibility determinations at the least supported a suspension and/or modification of benefits. Employer also argues that the Board erred in affirming the WCJ's subsequent decision and order, dated March 28, 2003, for the following reasons: the WCJ's decision was not supported by substantial, competent evidence and was not a reasoned decision; the Board again incorrectly applied the requirements set forth in *Gumro*; and the

4. Claimant appealed the Board's order, dated October 15, 2001, to this Court. By order dated November 19, 2001, we quashed the appeal on the basis that the Board's order was not a final order, as required by Pa. R.A.P. 341(b).

5. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Ad-

ministrative Agency Law, 2 Pa.C.S. § 704. We acknowledge our Supreme Court's decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Wintermyer*, 571 Pa. at 203, 812 A.2d at 487.

WCJ's findings of fact and conclusions of law are in direct contradiction to her original decision.

In order to address the issues raised on appeal, this Court must examine the burden of proof in light of the Supreme Court's opinion in *Gumro.* In *Gumro,* the claimant received workmen's compensation benefits as a result of becoming injured when he stepped in a hole at the employer's coal mine and twisted his left knee. He underwent arthroscopic surgery and then developed pain and swelling his left leg, attributable to a blood clot. He continued to experience pain and swelling, which his treating physician attributed to deep venous insufficiency. The claimant returned to work for a few days, but could not continue. He was assigned to a light duty job and eventually was laid off. Thereafter, the claimant filed a penalty petition, and the employer filed a termination petition.

In *Gumro,* the WCJ found that the evidence did not show that the deep venous insufficiency was caused by the work-related injury. The WCJ concluded that the causal connection between the physical condition of the claimant as it related to the work injury and the deep venous thrombosis or blood clot was not obvious. Therefore, the WCJ concluded that the burden of proof was on the claimant to establish the relationship by unequivocal medical testimony. The Board and this Court both affirmed the WCJ's order.

The Supreme Court reversed. In doing so, the Supreme Court cited its opinion in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.),* 502 Pa. 178, 465 A.2d 969 (1983), for the general proposition that where an employer seeks to terminate benefits after the issuance of an NCP, the burden is on the employer to prove that the current disability is not related to the work-related injury. The Supreme Court also cited *Beissel* for the proposition that "if an employer asserts ... that there is an independent cause for the disability, unrelated to the original work injury, the employer bears 'the burden of proving that an independent cause of an employee's disability arose *after* the filing of [an NCP] if the [employer] is seeking to justify the termination of benefits on the grounds that the employee's disability is no longer work-related.'" *Gumro,* 533 Pa. at 466–67, 626 A.2d at 97 (citing *Beissel,* 502 Pa. at 185, 465 A.2d at 972) (emphasis in original). The Supreme Court concluded that *Beissel* controlled the case before it, and that the burden was on the employer to prove that an independent cause of disability existed.[6] The Supreme Court then concluded that the evidence did not fulfill the employer's burden to prove that the causal relationship did not exist nor did it prove that an independent cause arose after the injury. For those reasons, the Supreme Court reversed.

In the case at hand, the Board, in its opinion and order dated October 15, 2001, required the WCJ to apply *Gumro* to the facts before her and placed the burden of proof on Employer to establish that if there was any ongoing disability, that it was not work-related. The Board's reliance on *Gumro* was misplaced. In *Commercial Credit,* the Supreme Court further explained its holding in *Gumro.* In *Commercial Credit,* the Supreme Court held that the claimant, not the employer, bore the burden of establishing a causal relationship between a work-related physical injury and a subsequently alleged psychiatric injury for purposes of the employer's

---

**6.** In *Beissel,* employer issued an NCP relating to a back injury. The employer later filed a termination petition, essentially alleging that the claimant's continuing disability, also related to her back, was not related to the work injury.

termination petition when the employer accepted liability in the NCP for the physical injuries only. The Supreme Court opined that in order for the subsequently alleged psychiatric condition to form a basis compensation under the Workers' Compensation Act (the Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626, the NCP would have to be modified to reflect the employer's increased liability for these distinct injuries. Citing Section 413 of the Act, 77 P.S. §§ 771 and 772, the Supreme Court noted that either party may file a petition seeking a modification of the original NCP, which "by clear implication requires the moving party to meet the burden of *proving* the grounds for the modification." *Commercial Credit,* 556 Pa. at 331, 728 A.2d at 905 (emphasis in original).

The Supreme Court distinguished its reasoning in *Commercial Credit* from that in *Gumro,* when it wrote:

> The conclusion that we reach here is consistent with this Court's decision in *Gumro v. WCAB,* 533 Pa. 461, 626 A.2d 94 (1993). In Gumro, the claimant injured himself when he stepped in a hole at the employer's coal mine and twisted his left knee. The claimant underwent successful arthroscopic surgery to repair the torn cartilage in the knee. However, the claimant subsequently developed pain and swelling in his left leg, attributable to 'deep venous thrombosis' or a blood clot. This Court relied on *Beissel v. WCAB,* 502 Pa. 178, 182, 465 A.2d 969, 971 (1983), in concluding that the employer bears the burden of proving that an independent cause of an employee's disability arose after the filing of a notice of compensation payable if the employer is seeking to justify the termination of benefits on the grounds that the employee's disability is no longer work-related. It is important to emphasize that the injuries at issue in Gumro were of a very similar *physical* nature. However, in the matter sub judice, the injury for which the employee sought benefits was an injury which plainly fell outside the scope of liability to which the employer had stipulated in the [NCP] because it was an entirely different type of injury, distinct in kind from the injury described in the NCP. In Gumro, the injury at issue was not distinct in kind, if indeed it was distinct at all, from the injury for which the employer had accepted liability in the [NCP].

*Commercial Credit,* 556 Pa. at 333, n. 5, 728 A.2d at 905, n. 5.

The Supreme Court noted that the claimant in *Commercial Credit* was not without recourse, because he could still file a petition for review seeking to amend the original NCP by meeting his burden of proving that he suffered a work-related mental disability.

While we acknowledge that the case at hand does not involve the development of a subsequent psychiatric condition, we believe that the Supreme Court's reasoning in *Commercial Credit* is instructive and equally applicable to situations in which a claimant alleges the development of a completely new and distinct physical condition not contemplated by the original NCP. As in *Commercial Credit,* the injury in this case on which Claimant relies to establish disability is an injury which plainly falls outside the scope of liability to which Employer had stipulated in the NCP (and was even denied in an NCD), and it is an entirely different type of injury, distinct in kind from the injury described in the NCP. We cannot say that Claimant's injury to the knee and an alleged back injury are so obviously connected or of the same body part or system that the burden should rest on Employer to disprove that any continuing disability was not related to

the work injury. Rather, Claimant was required to establish that the subsequently alleged condition was work-related before Employer was required to address any continuing disability related to the subsequently alleged condition.

Hence, we must conclude that the WCJ, upon finding that the subsequently alleged injury was not work-related, did not err when she did not apply standards set forth in *Gumro* when rendering her original decision and order dated March 14, 2000. As such, the Board erred when it vacated the WCJ's original decision and order and remanded the case to the WCJ to apply *Gumro*.

This is not to say that an employer is insulated from liability solely based upon the limited language of an NCP.[7] In a significant number of instances, the employer will continue to bear the burden of proof when considering whether a claimant continues to suffer a disability. However, simply put, where no reasonable nexus or obvious relationship exists between the injury described in an NCP and a subsequently claimed physical condition, the claimant must still bear the burden of establishing the work-relatedness of a condition before an employer will bear the burden of disproving any continuing disability related to that subsequently alleged condition. To provide otherwise would, in essence, subject employers to liability for any physical disability that develops subsequent to an acknowledged work injury, regardless of a lack of obvious connection or similarity of body part or system, unless the employer could disprove the causal relationship, even when an employer has previously issued an NCD. This would largely relieve a claimant of its burden to establish a basis for amending the description of an injury in an NCP. Certainly, such a result would not be consistent with the provisions of the Act.[8]

Accordingly, we must vacate the Board's decision dated October 15, 2001, and reinstate the WCJ's original decision and order dated March 14, 2000.[9]

## *O R D E R*

AND NOW, this 6th day of April, 2006, the order of the Workers' Compensation

---

7. Our courts have recognized circumstances under which a claimant should not bear the burden of establishing the causal connection between the work injury and a subsequently alleged injury or condition, such as situations where an NCP may be too narrowly drafted based upon initial treatment records or payments made by an employer and situations were the injuries are closely related, i.e., involve the same body part or system or a sequalae. *See Rissi v. Workers' Compensation Appeal Board (Tony DePaul & Son)*, 808 A.2d 274 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 573 Pa. 687, 823 A.2d 146 (2003); *Olivetti Corporation v. Workmen's Compensation Appeal Board (Robinson)*, 75 Pa.Cmwlth.584, 462 A.2d 934 (1983); *Workmen's Compensation Appeal Board v. Precisionware, Inc.*, 21 Pa.Cmwlth. 573, 347 A.2d 322 (1975). However, in the case at hand, we cannot say that the language of the NCP was too narrowly drawn based upon the circumstances of employer's initial or subsequent acceptance of injury or that the injuries were so closely related as to require no showing of work-relatedness. We also note that initial medical records following the work incident support only a knee injury and make no reference to any alleged back injury.

8. If evidence exists to support Claimant's argument that Employer accepted responsibility for the injury in the Supplemental Agreement, it was incumbent on Claimant to provide sufficient evidence to support such a determination, which he did not.

9. As we have concluded that the Board erred when it applied the wrong burden of proof and vacated the WCJ's first decision and order, we need not address the other issues raised by Employer. Moreover, given our disposition above, Employer's appeal from the Board's order dated May 24, 2005, is moot.

Appeal Board (Board), dated October 15, 2001, is vacated, and the decision and order of the Workers' Compensation Judge, dated March 14, 2000, is hereby reinstated. The order of the Board, dated May 24, 2005, is also vacated as moot in accordance with this opinion.