# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Yeager,                                      :
                                                   :
                        Petitioner                 :
                                                   :
            v.                                      :   No. 709 C.D. 2021
                                                   :
City of Philadelphia (Workers'                     :
Compensation Appeal Board),                        :
                                                   :
                        Respondent                 :

City of Philadelphia and                           :
PMA Management Corp.,                               :
                                                   :
                        Petitioners                :
                                                   :
            v.                                      :   No. 736 C.D. 2021
                                                   :   No. 739 C.D. 2021
Robert Yeager (Workers'                            :   Submitted:  January 28, 2022
Compensation Appeal Board),                        :
                                                   :
                        Respondent                 :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 4, 2022


        In these consolidated cases, Robert Yeager (Claimant) and the City of
Philadelphia and PMA Management Corporation (Employer) petition for review of
the June 4, 2021 order of the Workers' Compensation Appeal Board (Board)

affirming the June 19, 2020 decision and order of the Workers' Compensation Judge (WCJ) that granted Claimant's reinstatement petition and dismissed Employer's termination petition pursuant to the Workers' Compensation Act (Act).[1] After careful review, we affirm.

The facts as found by the WCJ are as follows. Claimant sustained a work injury to his right knee on November 17, 2006, while he was working as an asphalt raker for Employer's maintenance department. Reproduced Record (R.R.) at 17a. Employer accepted the injury as a "right knee sprain." *Id.* On June 12, 2013, Claimant underwent an Impairment Rating Evaluation (IRE) that found that Claimant had a 1% impairment. *Id.* The parties stipulated to the modification of Claimant's benefits from temporary total disability to partial disability as of the date of the IRE, which a WCJ granted in a decision dated October 9, 2013. *Id.* Neither party appealed the modification. On September 14, 2017, Claimant filed a reinstatement petition based on our Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). *Id.* On January 31, 2018, a WCJ granted Claimant's reinstatement petition and Employer appealed to the Board, which remanded the matter to a WCJ to permit Claimant to present evidence of his ongoing disability. *Id.* On March 25, 2019, Employer filed a termination petition alleging that Claimant was fully recovered from his injury, based on the opinion of Dr. John Duda (Employer's expert). The remand on Claimant's reinstatement petition and Employer's termination petition were consolidated and reassigned to the WCJ. *Id.*

At the September 6, 2019 hearing before the WCJ, Claimant appeared and testified about the circumstances of his 2006 work injury, an earlier work injury

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

2

to the same knee, and the ongoing treatment for his right knee which included knee surgery in 2007. R.R. at 17a-18a. He testified that his right knee has never been right since the 2006 injury, and he does not believe that he could go back to his former job, which is physically demanding and would require him to walk at least 10 miles per day. *Id.* at 18a. Claimant further testified that he has constant pain in his right knee, wears a knee brace, and walks with a limp. *Id.*

Claimant also presented the deposition testimony of Dr. Paul Sedacca (Claimant's expert). Claimant's expert is board certified in internal medicine and is a certified disability examiner. R.R. at 18a. Claimant's expert reviewed Claimant's voluminous medical records and examined Claimant in 2019, where he observed severe popping, grinding, and tenderness in Claimant's right knee. *Id.* at 19a. Claimant's expert compared a magnetic resonance imaging (MRI) of Claimant's knee following surgery and an MRI from 2011, and concluded that, as of 2011, Claimant had ongoing post-traumatic degenerative changes to his right knee. *Id.* Claimant's expert opined that Claimant was not fully recovered from his 2006 injury, and that his ongoing knee problems were related to post-traumatic arthritis secondary to his right knee injury and subsequent surgery. *Id.* Claimant's expert opined that Claimant was capable of doing light duty or sedentary work, but not his former job as an asphalt raker. *Id.*

Employer presented deposition testimony from Dr. Duda, who is a board-certified orthopedic surgeon. R.R. at 19a. Employer's expert testified that he examined Claimant in 2019, but he did not review Claimant's medical records before examining him. *Id.* at 20a. Employer's expert testified that Claimant had no surgeries after his 2006 injury, which the WCJ observed "is not consistent with Claimant's actual history." *Id.* Employer's expert testified that Claimant did not

limp, had normal knee alignment, and no knee swelling. *Id.* He opined that Claimant no longer had any evidence of a knee sprain or strain, was fully recovered, and could return to his previous job without restrictions. *Id.* Employer's expert testified that, after he examined Claimant, he got the opportunity to review Claimant's medical records, but his opinions remained unchanged. *Id.* He further testified that he observed no significant difference between Claimant's 2006 and 2011 MRIs, and that any problems with Claimant's knee are "related to a longstanding wear and tear type process" and "are not related to a singular event." *Id.*

The WCJ found Claimant's testimony to be credible and accepted his testimony as fact, based on the WCJ's observations of Claimant's bearing and demeanor. R.R. at 21a. The WCJ compared the opinions of Claimant's expert and Employer's expert and described them as follows:

> Both of these doctors agree that [] Claimant had degenerative changes in his right knee before his 2006 injury. [Claimant's expert] is of the opinion that [] Claimant's degenerative changes were aggravated and became worse after his injury and arthroscopic surgery. [Employer's expert], on the other hand, believes that [] Clamant suffered from a strain and sprain and that his degenerative changes were not aggravated or made worse by the work injury or by the passage of time. It is noted by this Judge that [Employer's expert] appears to have had a poor understanding of Claimant's history. In addition, [Employer's expert] asking us to believe that the degenerative state of Claimant's right knee did not worsen is singularly not credible. [Claimant's expert] is more internally consistent and more accurate with respect to Claimant's history.

*Id.* Accordingly, the WCJ found Claimant's expert to be more credible than Employer's expert, and rejected Employer's expert's testimony to the extent that it was inconsistent with the testimony of Claimant's expert. *Id.* The WCJ found as

fact that Claimant has never fully recovered from his work injury and he has never been physically able to return to his pre-injury job as an asphalt spreader. *Id.* Therefore, the WCJ granted Claimant's reinstatement petition, concluding that Claimant was eligible to have his benefits reinstated from partial to total disability, and dismissed Employer's termination petition. *Id.* at 21a-23a.

The WCJ considered Claimant's argument that his benefits should be reinstated as of the date his disability was modified in 2013 based on the 2013 IRE, because *Protz II* should be applied retroactively. The WCJ disagreed, and concluded as a matter of law that there is a presumption against retroactivity, neither statutory nor case law dictated otherwise, and Claimant's total disability benefits should be reinstated as of September 14, 2017, the date he filed the reinstatement petition. R.R. at 22a. Both Claimant and Employer appealed the WCJ's decision to the Board, which affirmed. *Id.* at 44a-55a. The Board concluded that the WCJ properly dismissed Employer's termination petition based on the WCJ's finding that Claimant's expert was more credible than Employer's expert, and that Employer failed to carry its burden of proof. *Id.* at 53a-54a. The Board also concluded that the WCJ properly granted Claimant's reinstatement petition, based on the WCJ's findings that Claimant and Claimant's expert were credible regarding Claimant's ongoing disability and inability to return to his pre-injury job. *Id.* at 51a-52a. The Board also concluded that the WCJ properly granted Claimant's reinstatement as of the date that he filed his petition, September 14, 2017, citing *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599

5

(Pa. Cmwlth. 2018). *Id.* at 53a. Both Claimant and Employer then petitioned this Court for review.[2, 3]

As to the issue that Claimant raises in his appeal, he argues that his temporary total disability benefits should be reinstated as of June 12, 2013, the date that the IRE was performed, rather than as of September 14, 2017, the date that he filed his reinstatement petition. Claimant argues that the Board erred by reinstating his benefits as of 2017, because he has a vested property right to total disability benefits from 2013, when the IRE was rendered unconstitutional by *Protz II*. Claimant argues that the Remedies Clause in article I, section 11 of the Pennsylvania Constitution[4] precludes retroactive legislation that altered his vested right to total disability benefits under the Act. Employer responds that the WCJ erred in awarding

---

[2] Our Court consolidated the above-captioned cases and designated Claimant as the Petitioner in an Order dated July 15, 2021. We denied Employer's application for supersedeas in an Order dated October 1, 2021.

[3] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

[4] Article I, section 11 states:

> All courts shall be open; and every man for an injury done to him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, §11.

Claimant total disability benefits, but if not, reinstatement of benefits as of 2017, when Claimant filed for reinstatement, is correct under *Whitfield*.

For context, we provide a brief review of the law applicable to IREs under the Act. On September 18, 2015, our Court issued a decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *aff'd in part*, *rev'd in part*, 161 A.3d 827 (Pa. 2017) (*Protz I*). In *Protz I*, we held that former Section 306(a.2) of the Act, which permitted IREs to be conducted based on "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides), was an impermissible delegation of legislative authority in violation of the non-delegation doctrine in the Pennsylvania Constitution.[5] In *Protz I*, we remanded to the Board to apply the Fourth Edition of the AMA Guides, which was the version of the AMA Guides in effect at the time the IRE provisions were enacted. *Protz I,* 124 A.3d at 416-17. On June 20, 2017, our Supreme Court issued *Protz II*, in which it agreed with our Court that the legislature unconstitutionally delegated its lawmaking authority when it enacted former Section 306(a.2) of the Act. The Supreme Court further determined, however, that the violative language of former Section 306(a.2) of the Act could not be severed from the rest of that section, and it struck the entirety of former Section 306(a.2) from the Act. *Protz II*, 161 A.3d at 841. Following *Protz II*, the legislature enacted new provisions of the Act, which require IREs to be performed using the AMA Guides, Sixth edition (second printing April 2009). *See* Section 306(a.3) of the Act, 77 P.S. §511.3.

---

[5] Article II, section 1 of the Pennsylvania Constitution states that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, §1.

This Court addressed the retroactive application of *Protz II* in *Whitfield*, where we held that the claimant, whose disability status was rendered invalid by *Protz II*, and who filed a reinstatement petition within three years of her last compensation payment, was entitled to reinstatement as of the date that she filed her reinstatement petition. *Whitfield*, 188 A.3d at 602. We also held that reinstatement of the claimant's benefits was governed by Section 413(a) of the Act,[6] requiring proof that the claimant's disability continued. *Id.* A claimant need not produce medical testimony to satisfy his burden of proof as his own credited testimony will suffice. *Id.* at 615. This Court has repeatedly affirmed that a claimant's reinstatement of total disability benefits is effective as of the date that the reinstatement petition was filed, and not as of the date of the now-unconstitutional IRE under *Protz I* or *Protz II*. *See White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020); *Herb v. Workers' Compensation Appeal Board (Pennsylvania State System of Higher Education)* (Pa. Cmwlth., Nos. 1187 C.D. 2019, 1192 C.D. 2019, 1200 C.D. 2019, and 1201 C.D. 2019, filed April 5, 2021);[7] *Campitelli v. Tyco International (US), Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 300 C.D. 2021, filed October 14, 2021); *Adams v. School District of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1060 C.D. 2020, filed March 30, 2022); and *White v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 688 C.D. 2021, filed April 29, 2022).

---

[6] 77 P.S. §772.

[7] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

8

The Supreme Court further addressed retroactivity in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), in which the Court considered how *Protz II* should be applied to a claimant whose benefits were modified using a now-unconstitutional IRE, when the underlying IRE was being actively litigated when *Protz II* was decided. Under those specific circumstances, where the non-delegation claim was raised during ongoing IRE litigation when *Protz II* was decided, the Supreme Court held that the claimant's benefits would be reinstated as of the date of the IRE.

Here, Claimant satisfied his burden for reinstatement, based on his own testimony that he was totally disabled, as credited by the WCJ. *Whitfield*, 188 A.3d at 602. Claimant's benefits were modified by stipulation by a WCJ's decision dated October 9, 2013, based on the IRE performed on June 12, 2013. Neither party appealed the modification. Claimant filed for reinstatement on September 14, 2017, after *Protz II* was decided. Therefore, we are bound to follow *Whitfield* and its progeny, and we hold that Claimant's reinstatement was properly granted as of the date that Claimant filed for reinstatement on September 14, 2017. Further, because Claimant's IRE was not in active litigation when *Protz II* was decided, *Dana Holding* does not apply to alter the effective date of Claimant's reinstatement.

As to the issue that Employer raises in its appeal, Employer argues that the Board erred in denying its termination petition because the WCJ improperly discounted the testimony of Employer's expert. Employer argues that the WCJ erred in crediting Claimant's expert over Employer's expert based on the qualifications of Employer's expert as a board certified orthopedic surgeon. Employer also argues that the WCJ erred in expanding the definition of Claimant's injury from a right knee

9

sprain to include aggravation of degenerative conditions of the right knee, when Claimant did not file a review petition.

As we review the issue presented by Employer, we are mindful that in workers' compensation cases, "the WCJ is the ultimate fact-finder who must determine credibility and evidentiary weight. In this role, the WCJ freely evaluates the evidence offered and can accept or reject any witness'[s] testimony, in whole or in part, including that of medical witnesses." *Davis v. Workers' Compensation Appeal Board (City of Philadelphia)*, 753 A.2d 905, 909 (Pa. Cmwlth. 2000). As this Court further stated, "[w]hile this Court can and should consider the competency and sufficiency of evidence presented before a WCJ, the WCJ's assessment of witness credibility is not subject to our review on appeal." *Id.* Furthermore, in a substantial evidence analysis where, as here, both parties presented evidence, "it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ[;] rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding." *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

In a termination petition, an employer has the burden to prove that the disability related to the work injury has ceased, through competent medical evidence. *Ciarolla v. Workers' Compensation Appeal Board (Astrazeneca Pharmaceuticals LP)*, 239 A.3d 204, 208-09 (Pa. Cmwlth. 2020). When an employer seeks to terminate benefits, the employer has the burden to prove that the current disability is not related to the accepted work injury. *Gumro v. Workmen's Compensation Appeal Board*, 626 A.2d 94, 97 (Pa. 1993).

Here, the WCJ credited the testimony of Claimant's expert over Employer's expert because Claimant's expert's testimony was more internally consistent and more accurate with respect to Claimant's history. R.R. at 21a. The WCJ specifically found that Employer's expert's opinion was not credible, when he asked us to "believe that the degenerative state of Claimant's right knee did not worsen" as a result of his work injury, surgery, and the passage of time. *Id.* We may not overrule the WCJ's credibility determinations, and we discern no error in the WCJ's findings or conclusions that Employer failed to meet its burden to terminate Claimant's benefits. Contrary to Employer's assertion, the WCJ did not improperly expand the definition of Claimant's accepted work injury, but rather found, based on the credited testimony of Claimant's expert, that the degenerative changes to Claimant's knee were aggravated by the accepted work injury and subsequent surgery.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Yeager, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 709 C.D. 2021 |
| | : | |
| City of Philadelphia (Workers' | : | |
| Compensation Appeal Board), | : | |
| | : | |
| Respondent | : | |
| | | |
| City of Philadelphia and | : | |
| PMA Management Corp., | : | |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 736 C.D. 2021 |
| | : | No. 739 C.D. 2021 |
| Robert Yeager (Workers' | : | |
| Compensation Appeal Board), | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 4th day of August, 2022, the order of the Workers' Compensation Appeal Board dated June 4, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge