IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Saundra Fanning,                          :
                Petitioner               :
                                       :
      v.                                      : No. 113 C.D. 2022
                                       :
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                Respondent               : Submitted: July 22, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                      FILED:  October 6, 2022

Saundra Fanning (Claimant) petitions this Court for review of the January 12, 2022 order of the Workers' Compensation Appeal Board (Board), which affirmed a workers' compensation judge's (WCJ) reinstatement of Claimant's temporary total disability (TTD) benefits, effective March 9, 2020.  The WCJ reinstated Claimant's benefits pursuant to *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II)*, which rendered the former impairment rating evaluation (IRE) provisions in the Workers' Compensation Act (Act)[1] unconstitutional.[2]  Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] A claimant who has received total disability benefits for 104 weeks must submit to an IRE, which is used to calculate a claimant's degree of impairment due to the compensable injury. *See* Section 306(a.3)(1) of the Act, 77 P.S. § 511.3(1), added by the Act of October 24, 2018, P.L. 714 (Act 111).  In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*,
**(Footnote continued on next page…)**

## I. Background

The facts underlying this matter are undisputed. Claimant was working for the City of Philadelphia (Employer) as a police officer when she sustained injuries to her left arm, right ankle, and back on August 25, 1999. Certified Record (C.R.), Item No. 11, Notes of Testimony (N.T.), 1/5/21, at 13-14. Employer began paying TTD benefits as of that date, pursuant to the Act. C.R., Item No. 4, Answer to Reinstatement Petition. An April 12, 2013 decision by a WCJ modified Claimant's disability status from total to partial as of August 7, 2012, the date of an IRE by Dr. Lynn W. Yang.[3] C.R., Item No. 14. The IRE, which was performed in accordance with the former Section 306(a.2) of the Act, assigned Claimant a whole-body impairment rating of 5%. C.R., Item No. 15. Claimant did not appeal that decision.

On March 9, 2020, Claimant filed a petition seeking reinstatement of TTD benefits. C.R., Item No. 2, Reinstatement Petition. Claimant argued that, because the method of the 2012 IRE was ruled unconstitutional in *Protz II*, she was entitled to a reinstatement of benefits as of August 7, 2012, the date that the IRE was

---

124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017), this Court held that the former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, was an unconstitutional delegation of legislative power, because it provided that an IRE should be performed under the "most recent" version of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). *Protz I*, 124 A.3d at 416. We held that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect when Section 306(a.2) was enacted. *Id.* at 417. The Supreme Court affirmed this Court in *Protz II*, but struck down Section 306(a.2) in its entirety.

Act 111 reenacted the provisions held unconstitutional in *Protz II*, but with a key difference: unlike former Section 306(a.2) of the Act, which failed to specify a version of the AMA Guides, Section 306(a.3) provides that an IRE must utilize the Sixth Edition (second printing, April 2009). 77 P.S. § 511.3(1).

[3] Under Section 306(b) of the Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. § 512.

performed. C.R., Item No. 5, Finding of Fact (F.F.) No. 5. In support of the petition, Claimant testified at a hearing before a WCJ. C.R., Item No. 11, Notes of Testimony, 1/5/21. In her testimony, Claimant described difficulties with her back and left leg, which have persisted since 2012. *Id.* at 17. These difficulties included aches and pains which, although not completely demobilizing, prevented her from completing any tasks that require bending over, primarily washing dishes. *Id.* Because of these physical problems, Claimant was considering moving in with her adult son. *Id.* at 20.

In a June 30, 2021 decision, the WCJ granted Claimant's petition and reinstated her TTD benefits as of March 9, 2020, the date the petition was filed. *Id.*, F.F. No. 7. She explained that *Protz II* "cannot be applied retroactively," and that reinstatement to the requested date is therefore impermissible. *Id.*, F.F. No. 6. Claimant appealed to the Board, which affirmed. C.R., Item No. 8. This appeal followed.[4]

## II. Issues

Claimant argues that the WCJ erred in reinstating her TTD benefits as of the date she filed her reinstatement petition because *Protz II* should be accorded "full retroactivity." Claimant's Brief (Br.) at 4. *Protz II* held that the IRE process used under the former Section 306(a.2) was unconstitutional. Claimant argues that she is therefore entitled to a reinstatement of TTD benefits as of August 7, 2012, the date her disability status was modified from total to partial. Claimant also asserts that the

---

[4] Our scope of review in a workers' compensation proceeding is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether the findings of fact are supported by substantial evidence. *Gumro v. Workmen's Comp. Appeal Bd. (Emerald Mines Corp.)*, 626 A.2d 94, 97 (Pa. 1993).

WCJ's decision deprives her of a vested property right to TTD benefits, in violation of the Pennsylvania Constitution.

### III. Discussion

### A. The Retroactivity of *Protz II*

In the years since *Protz II* was decided, our appellate courts have devoted substantial discussion to the question of that decision's retroactive reach. In *Whitfield v. Workers' Compensation Appeal Board (Tenet Health Systems Hahnemann LLC)*, 188 A.3d 599, 602 (Pa. Cmwlth. 2018), a doctor performed an IRE in accordance with the Fifth Edition of the AMA Guides, and gave the claimant, Whitfield, a whole-body impairment rating of 44%. Whitfield's wage loss benefits were accordingly modified from total to partial.[5] *Id.* After her 500 weeks of partial disability benefits were exhausted, Whitfield sought reinstatement based on *Protz I*, but was denied on the ground that she had not preserved the issue of Section 306(a.2)'s constitutionality.[6] *Id.* at 603.

On appeal, we held that because Whitfield filed for reinstatement within three years of her last compensation payment,[7] she was entitled to seek modification of her disability status pursuant to *Protz II*. *Id.* at 616. We further held that Whitfield and other claimants who seek reinstatement of total disability benefits pursuant to

---

[5] Under the former Section 306(a.2) of the Act, disability status was modified from total to partial if a claimant's total disability was less than 50%. Section 306(a.3)(1) of Act 111 lowered the threshold to 35%.

[6] When Whitfield's reinstatement petition was denied on April 19, 2016, this Court had issued its ruling in *Protz I*, holding Section 306(a.2) to be an unconstitutional delegation of legislative authority. By the time that Whitfield's appeal reached this Court, *Protz II* had been decided.

[7] Section 413(a) of the Act provides, in relevant part, that benefits may be reinstated if "a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." 77 P.S. § 772.

4

*Protz II* must demonstrate, through testimony, that they remain disabled. *Id.* at 617. So long as the testimony is credited, we explained, the claimant is entitled to reinstatement as of the date when the petition is filed. *Id.* at 616. We further explained: "[t]his decision does not alter the [c]laimant's past status. Rather, it gives effect to the [c]laimant's status as it existed *at the time she filed her reinstatement petition*, which was filed within the statutory timeframe for filing such petitions." *Id.* at 617 (emphasis added).

This Court reaffirmed its *Whitfield* holding in *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986, 996 (Pa. Cmwlth. 2020), *appeal denied*, 242 A.3d 912 (Pa. 2020). The claimant in that case argued that *Protz II* rendered her IRE void *ab initio*, thus entitling her to a full reinstatement of total disability compensation. *Id.* at 989. We disagreed, observing that Pennsylvania courts generally "apply the law that is in effect at the time the case is decided."[8] *Id.* at 990. Accordingly, we held that "*Protz II* was not intended to be given a fully retroactive effect."[9] *Id.* at 995.

We have affirmed these principles again on several occasions. *See*, *e.g.*, *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 564 (Pa. Cmwlth.

---

[8] In *Weidenhammer*, we drew an analogy to *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991). In *Blackwell*, the Supreme Court reaffirmed a previous holding that a particular act of the legislature was an unconstitutional delegation of its legislative power. It then considered the constitutionality of *past* transactions that had occurred pursuant to that unconstitutional provision. *Id.* at 1101-02. Noting that "it would indeed be chaotic to act as though the offending provision . . . had never been enacted into law," the Court declined to rule unconstitutional those "countless unchallenged transactions . . . which are now final." *Id.* at 1102.

[9] Our courts have found retroactive application of *Protz II* to be appropriate in narrow circumstances. Most notably, in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635, 642 n.9 (Pa. Cmwlth. 2018), *affirmed*, 253 A.3d 629 (Pa. 2020), we held that *Protz II* could be retroactively applied in instances "where the underlying IRE was still being actively litigated when *Protz II* was issued."

2020) (holding that the reinstatement of benefits as of the date when the claimant petitioned for reinstatement was consistent with Act 111); *White v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020), *appeal denied*, 244 A.3d 1230 (Pa. 2021) (holding that the claimant was only entitled to reinstatement as of the date of her petition because the previous modification of her benefits had never been appealed); *White v. City of Philadelphia (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 688 C.D. 2021, filed April 29, 2022) (holding that retroactive application of *Protz II* was impossible where a claimant did not challenge a previous IRE "until after *Protz II* was decided").[10]

Instantly, Claimant filed her reinstatement petition on March 9, 2020, well after the Supreme Court issued its *Protz II* decision (thus precluding retroactive application under *Dana Holding*). In support of her petition, Claimant testified in person before the WCJ that she continues to be disabled as a result of her August 25, 1999 work injury. The WCJ credited Claimant's testimony and granted her reinstatement petition as of the date it was filed, consistent with *Whitfield*. Claimant does not explain why our holdings in *Whitfield* and its progeny should be overturned. Claimant merely repeats the rejected arguments made by litigants in those previous cases. She therefore gives this Court no legitimate basis for reversing the Board's affirmation of the WCJ's decision.

### B. Claimant's Assertion of Vested Property Rights

---

[10] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

Claimant also argues that the reinstatement of benefits only as of March 9, 2020, violates the Remedies Clause of the Pennsylvania Constitution.[11] She maintains that by failing to reinstate benefits as of August 7, 2012, the date of her IRE, the WCJ deprived her of "a vested property right to TTD benefits," and unlawfully "allow[ed] for an unconstitutional statute to continue to negatively impact" her. Claimant's Br. at 9.

We see no merit in this argument. The Supreme Court has long held that the protection of vested property rights is "limited." *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1242 (Pa. 2008). Specifically, the asserted property right "must be something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Id.* (citing *Lewis v. Pennsylvania R. Co.*, 69 A. 821, 823 (1908)).

Accordingly, this Court has repeatedly held that claimants do not have vested property rights in workers' compensation benefits. *See*, *e.g.*, *Pierson v. Workers' Comp. Appeal Bd. (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169, 1179 (explaining that there are no vested rights in workers' compensation benefits as calculated at the time of injury, because "there are reasonable expectations under the Act that benefits may change"); *Perillo v. Workers' Comp. Appeal Bd. (Extended Healthcare Services, Inc. and State Workers' Insurance Fund)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021), slip op. at 3 (observing that, because the Act authorizes a WCJ to "at any time, modify, reinstate, suspend, or terminate" benefits, "there are *no vested rights* in" those benefits) (emphasis in original); *White v.*

---

[11] In relevant part, our Constitution provides that "every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." PA. CONST. art. I, § 11.

7

*Workers' Comp. Appeal Bd. (City of Philadelphia)* (Pa. Cmwlth., 688 C.D. 2021, filed April 29, 2022) (holding that a claimant has "no vested right" to workers' compensation benefits). Claimant, again, fails to provide a legitimate basis for upending our reasoning in these previous cases.

## IV. Conclusion

Because Claimant did not challenge her August 7, 2012 IRE until after *Protz II* was decided, she is entitled to a reinstatement of benefits as of March 9, 2020, when her reinstatement petition was filed. Claimant has no vested property right to earlier TTD benefits, or to any other workers' compensation benefits. Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Saundra Fanning,                              :
                    Petitioner                :
                                              :
         v.                                   :  No. 113 C.D. 2022
                                              :
City of Philadelphia (Workers'               :
Compensation Appeal Board),                   :
                    Respondent                :

# **O R D E R**

AND NOW, this 6th day of October 2022, the order of the Workers' Compensation Appeal Board, dated January 12, 2022, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge